# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TINA J. CARSON, | : | |
| Plaintiff, | : | |
| vs. | : | CA 19-1128-KD-MU |
| WORLD MARINE, etc., | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon Petitioner's failure to prosecute and comply with the Court's order dated April 1, 2020 (Doc. 10) and because this action is indisputably time-barred.

Plaintiff Tina J. Carson filed a *pro se* Title VII form complaint in this Court on December 6, 2019, alleging that she was sexually harassed by her supervisor at World Marine, John Jordan, from July 30, 2015 through July 13, 2016. (*See* Doc. 1). Following the filing of the Complaint, Plaintiff was initially ordered to file a copy of her right to sue letter (*see* Doc. 4), which she provided on January 7, 2020 (*see* Doc. 5). The right-to-sue letter reflects that it was sent to Carson on December 13, 2016, at the same address she has supplied the Court in this case. (*Compare id. with* Docket Sheet). The face of that form specifically advised Ms. Carson that she had 90 days from her receipt of the notice to file a lawsuit against the respondent (World Marine) in federal or state court based on her charge of discrimination and that if she did not file suit within that 90-day period her

"right to sue based on this charge will be lost." (*Id.*) Carson specifically states in her Complaint that she received a copy of the right-to-sue letter on December 15, 2016. (Doc. 1, at ¶ 13).

By Order entered on February 11, 2020, the Court advised Plaintiff that the Defendant had not been served, that it was her responsibility to serve the Defendant, and that she had until March 25, 2020 "to serve the Defendant or request an extension of time to perfect service of process." (Doc. 7, at 1). And although the docket sheet does reflect that Carson attempted service on the Defendant (*see* Docs. 8-9), the summons was returned unexecuted as to World Marine (*see* Doc. 9), prompting this Court to enter a follow-up Order, on April 1, 2020, that Plaintiff "**SHOW CAUSE**, not later than **April 16, 2020,** why it should not be the undersigned's recommendation that this action be dismissed due to her failure to follow the February 11, 2020 Order to perfect service on the Defendant by March 25, 2020 or to otherwise request an extension of time to perfect service." (Doc. 10). To date, this Court has not received any response from Ms. Carson to the Order dated April 1, 2020. (*See* Docket Sheet).

An action may be dismissed if a plaintiff fails to prosecute it or if she fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'"). Additionally, with respect to Title VII claims, it is clear that "[u]pon receiving a right-to-sue letter from the Equal Employment

2

Opportunity Commission ("EEOC"), a plaintiff has ninety days to file a complaint." *Brown v. John Deere Product, Inc.,* 460 Fed.Appx. 908, 909 (11th Cir. Mar. 16, 2012), citing 42 U.S.C. § 2000e-5(f)(1); *see Stallworth v. Wells Fargo Armored Servs. Corp.,* 936 F.2d 522, 524 (11th Cir. 1991) (recognizing that the limitations period commences upon the claimant's receipt of the right-to-sue letter).

Ms. Carson's Complaint shows she received notice of her right to sue World Marine on December 15, 2016 (Doc. 1, at ¶ 13). And given that Ms. Carson waited until December 26, 2019 to file this Title VII discrimination lawsuit (Doc. 1), more than three years after she received her right-to-sue letter, her present action against World Marine is indisputably time-barred. *See Brown, supra.*[1] In addition, Petitioner has not responded to the Court's Order dated April 1, 2020, instructing her to perfect service on the Defendant or otherwise request an extension of time to perfect service on World Marine. (*Compare* Docket Sheet *with* Doc. 10). Therefore, it is recommended that the Court **DISMISS (with prejudice)** Plaintiff's Title VII action, pursuant to Fed.R.Civ.P. 41(b), due to her failure to prosecute this action by complying with this Court's lawful Order dated April 1, 2020 and because this action is indisputably time-barred.[2]

## NOTICE OF RIGHT TO FILE OBJECTIONS

---

[1] And while the 90-day statutory limitations period "is non-jurisdictional, and . . . subject to equitable tolling[,]" *Brown, supra,* 460 Fed.Appx. at 910, Carson has not shown that extraordinary circumstances—that is, fraud, misinformation, or deliberate concealment—would entitle her to equitable tolling of the limitations period, *see id.* Indeed, Carson's admission that she received her right-to-sue letter on December 15, 2016 (*see* Doc. 1), after which she took no action for more than three years, affirmatively establishes that no extraordinary circumstances exist in this case which would warrant equitable tolling of the limitations period.

[2] To suggest that this action can be dismissed without prejudice would be to ignore the clear evidence of record that it is time-barred.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 4th day of May, 2020.

 s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**